## Concurrent Resolutions.

*Joint or concurrent resolutions—Approval by Governor.*

A concurrent resolution of both Houses of the Legislature calling upon the Auditor General to transmit to each House a statement of the total receipts from all sources and the total expenditures of the Commonwealth during the present administration and during each of the four preceding administrations, beginning Jan. 1, 1907, does not require the signature of the Governor in order to become effective.

Department of Justice.    Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

WOODRUFF, Att'y-Gen., Feb. 3, 1926.—I have before me from the Secretary of the Commonwealth a concurrent resolution adopted Feb. 1, 1926, by both Houses of the Legislature calling upon the Auditor General to transmit to each House a statement of the total receipts from all sources and the total expenditures of the Commonwealth during the present administration and during each of the four preceding administrations, beginning Jan. 1. 1907.

You have asked concerning this concurrent resolution whether it requires the signature of the Governor in order to be effective.

On June 9, 1915, Hon. Francis Shunk Brown wrote an opinion taking up about eighteen joint resolutions and concurrent resolutions passed at the 1915 Session of the Legislature, and discussed both generally and with regard to each resolution the question as to whether all joint or concurrent resolutions need to be acted upon by the Governor before they can become effective; and also whether each one of the resolutions taken up by him needed the approval of the Governor [Joint or Concurrent Resolutions, 24 Dist. R. 721].

Basing his opinion upon Com. *v.* Griest, 196 Pa. 396; Russ *v.* Com., 210 Pa. 544, and pertinent decisions of other states, the Attorney-General concluded that *some* resolutions adopted by both Houses, whether in the form of joint resolutions or concurrent resolutions, need not be presented to the Governor nor receive his approval or disapproval before they are complete.

Attorney-General Brown's opinion is very complete and carefully considered, and there is no change in our Constitution or laws which would warrant my taking it up for review.    Therefore, it will continue to be the opinion of the Department of Justice ". . . that not all joint or concurrent resolutions passed by the legislature must be submitted to the Governor for his approval, but only such as make legislation or have the effect of legislating, *i. e.*, enacting, repealing or amending laws or statutes or which have the effect of committing the State to a certain action, or which provide for the expenditure of public money.    Resolutions which are passed for any other purpose, such as the appointment of a committee by the legislature to obtain information on legislative matters for its future use or to investigate conditions in order to assist in future legislation, are not required to be presented to the Governor for action thereupon."

The concurrent resolution of Feb. 1, 1926, now before me, clearly falls under the head of those which are merely adopted by the legislature "to obtain information on legislative matters for its future use, or to investigate conditions in order to assist in future legislation."

Therefore, said concurrent resolution of Feb. 1, 1926, is not legislation such as must be presented to the Governor and does not need to be approved or disapproved by you.

From C. P. Addams, Harrisburg, Pa.